[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this amended petition for a writ of habeas corpus dated October 17, 1997 alleging in an eight (8) count complaint the ineffective assistance of his criminal trial attorney Paul Carty, and the ineffective assistance of his appellate attorneys, Sandra Lax and Donald Bowers. The main thrust of the allegations of the complaint is the failure to suppress certain tangible evidence obtained by search warrants which included the seizure of two (2) handguns. The complaint also alleges the ineffective assistance of trial counsel in failing to suppress the identification of petitioner by Marquise Hill's prior statement, the ineffective assistance of appellate counsel in failing to raise on appeal the inadmissibility of two statements of Robert Boxley, and the ineffective assistance of both trial and appellate counsel in failing to handle properly a motion for judgment of acquittal as to the charge of Possession of a Pistol without a Permit.
The petitioner was presented to a jury on a four-count information of CT Page 5663 the crimes of Murder, Conspiracy to Commit Murder, Attempt to Commit Murder and Carrying a Pistol without a Permit and the jury returned a verdict of guilty of the lesser included offenses of Manslaughter in the First Degree with a Firearm, Conspiracy to Commit Manslaughter in the First Degree with a Firearm, and Carrying a Pistol without a Permit. Thereafter the trial court granted the petitioner's motion for judgment of acquittal of the charge of Conspiracy to Commit Manslaughter in the First Degree with a Firearm. Upon appeal, the Appellate Court directed the trial court to re-sentence on the charge of Manslaughter in the First Degree in violation of 53a-55 (a)(1) reversing the judgment on the Manslaughter in the First Degree with a Firearm charge. The petitioner therefore stands convicted of Manslaughter in the First Degree and Carrying a Pistol without a Permit.
The petitioner's arrest arose from events on May 31, 1991 when a shooting occurred at the Quinnipiac Terrace housing project in New Haven as two rival gangs battled for control of the project's drug trade. "As police tried to defuse the situation the defendant and a person later to be tried as the co-defendant concealed themselves behind a bush. One of the police officers at the scene saw muzzle flashes from shots fired from behind the bush. One of the shots led to the death of Andre Moore, a member of one of the project's gangs" State v. Guess, 39 Conn. App. 224,227. Petitioner admitted that he was behind the bush and was shooting a gun while another was there shooting but that the petitioner was shooting in the air. Respondent's Exhibit C.
 I.
Petitioner has raised claims of Carty's ineffectiveness in his attempt to suppress the fruits of the warrants. He claims that he failed to use the testimony of Marlene Cannady to attack the warrant because she could give evidence that the apartment was not the petitioner's; that because of the over breadth of execution the warrant should have been suppressed; when a second warrant issued, the first should have been concluded stale; and the direction of the warrant was not sufficiently particularized. The petitioner is requesting this court to indulge in a rigid analytical restructuring of the affidavit which the Appellate Court has already reviewed for probable cause as it existed at the time the judge issued the warrant together with the reasonable inferences drawn from such information in the light most favorable to the issuing judge's determination of probable cause. State v. Guess, supra, 229. It is also likely that with additional information, additional probable locations may be uncovered where the contraband or evidence of the crime will be found. State v. Bova, 240 Conn. 210, 234. Because of the presence of other crime material other than the guns sought in connection with the homicide, the inventory may appear to be over broad CT Page 5664 when related to the warrant's direction. Two requirements must be met to invoke the plain view doctrine: (1) the initial intrusion that enabled the police to view the items seized must have been lawful; and (2) the police must have had probable cause to believe that the items were contraband. State v. Ruscoe, 212 Conn. 223, 237-8. Inadvertence is not required if the items seized fall under the category of contraband.State v. Conture, 194 Conn. 530, 547; State v. Vincent, 30 Conn. App. 249,259.
 II.
When Marquise Hill recanted or became unavailable at the petitioner's trial as to the substance of his statement to the police, the statement was available under Whelan. State v. Hopkins, 222 Conn. 117, 123. When the declarant is in court, under oath and subject to cross-examination before the fact finder concerning both his out-of-court and in-court statements the jury can determine whether they believe his present testimony, his prior statement or neither. State v. Grant, 221 Conn. 93,98.
 III.
As Carty testified, in accommodating Det. DiNello on his vacation plans, it could not have much different effect on the fact-finder whether the petitioner's statement to DiNello was done by DiNello deposition or live testimony.
 IV.
Neither trial nor appellate counsel could be successful in moving to acquit the petitioner as to the charge of Possession of a Pistol without a Permit as Sherman Edwards was. The pistol left four (4) shell casings behind the bush as testified by Edward McPhillips, the firearms expert. He only had the shell casings for the two (2) guns, four (4) from the pistol and eleven (11) from the Cobray. The petitioner's statement,Respondent's Exhibit C, admitted only firing four (4) shots: So Edwards fired the Cobray and the petitioner fired the pistol.
 V.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139
(1995); Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed to prove how the result would be different. The guns which fired the shell casings where the petitioner and Edwards were firing at CT Page 5665 Marquise Hill and Andre Moore when Moore was hit were seized from the apartment where the petitioner was staying. He admitted firing the gun from that location at the time. Respondent's Exhibit C. Hill and Boxley, See Petitioner's Exhibits 25 and 26, saw the petitioner when he was firing and Officer Leach testified that he had seen muzzle flashes come from behind the bush where the petitioner said he had been firing. McPhillips testified that the slug removed from Moore was consistent with the Winchester 9mm rounds being fired and the slug was deformed by being ricocheted.
As produced above the petitioner also has failed to carry his burden to prove how his trial or appellate counsels' representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352,359.
For the above reasons the petition is denied.
 Thomas H. Corrigan Judge Trial Referee